E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     Facsimile: (213) 894-6169
     Email:    matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 5:23-cr-00226-SSS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION TO THE CRIMINAL DUTY JUDGE FOR REVIEW OF MAGISTRATE JUDGE'S BAIL ORDER [ECF 28]; GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION FOR RECONSIDERATION OF BAIL [ECF 19] |
| v. | |
| CHRISTIAN ERNEST BEYER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matt Coe-Odess, opposes defendant's Application for Review of the Magistrate Judge's Bail Order.  (ECF 28.)

On March 12, 2024, defendant filed an application for reconsideration of the Court's detention orders (ECF 19), the United States filed its opposition (ECF 20), and on April 8, 2024, the Honorable Magistrate Judge Rozella A. Oliver denied defendant's application (ECF 26).

On April 9, 2024, defendant applied for a review of the magistrate judge's detention order.  (ECF 28.)  In opposition to defendant's instant appeal, the United States renews and attaches its Opposition to Defendant's Application for Reconsideration of Bail.  (ECF 20.)  This opposition is also based on the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 22, 2024                    Respectfully submitted,

                                              E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


                          /s/
MATT COE-ODESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

```
1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   MATT COE-ODESS (Cal. Bar No. 313082)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8957
7       Facsimile: (213) 894-6169
        Email:     matt.coe@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 5:23-cr-00226-SSS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION FOR RECONSIDERATION OF BAIL |
| v. | |
| CHRISTIAN ERNEST BEYER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matt Coe-Odess, hereby files its opposition to defendant's application for reconsideration of bail. (Dkt. 19.)

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 12, 2024               Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    MATT COE-ODESS
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

|   |   |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.  INTRODUCTION** |
| 3 | Defendant's application for reconsideration of bail purports to |
| 4 | be based on two new facts or changes of circumstances: (1) placement |
| 5 | options through the U.S. Department of Veteran's Affairs ("VA"), and |
| 6 | (2) unspecified "new information regarding Mr. Beyer's mental |
| 7 | health."  (Dkt. 19.) However, neither of these alleged new |
| 8 | developments has any bearing on whether detention is appropriate in |
| 9 | this case, as defendant continues to pose a danger to society and |
| 10 | remains at risk of non-appearance.  Indeed, defendant poses an |
| 11 | especially serious risk to his fellow veterans, as he is alleged to |
| 12 | have intentionally threatened to kill active military personnel and |
| 13 | their families.  In addition to the seriousness of the instant |
| 14 | allegations, defendant has a prior criminal history involving |
| 15 | violence, including a history of domestic violence, as well as a |
| 16 | history of substance abuse and mental health concerns.  For these |
| 17 | reasons, defendant's purported new facts do not materially affect the |
| 18 | detention analysis.  Defendant's request for pre-trial release on |
| 19 | bond should be denied. |
| 20 | **II.  BACKGROUND** |
| 21 | **A.  Instant Offense** |
| 22 | On October 30, 2023, defendant repeatedly threatened to kill |
| 23 | specific individuals whom defendant personally knew.  These |
| 24 | individuals were military personnel whom defendant blamed for |
| 25 | allegedly "forc[ing] [him] out" of the military.  (Dkt. 1. at 3.) |
| 26 | Defendant identified these individuals by name and threatened to |
| 27 | "kill [their] whole fucking family if they stay there."  (Dkt. 1 at |
| 28 |   |

3.) Below is a non-exhaustive sample of some of defendant's threats, which he published on YouTube:

- "I will fucking come and hunt you . . . I'm coming for you. I'm gonna kill your whole fucking family if they stay there."

- "I'll kill you and your whole fucking family because they're part of your shit."

- "I'm going to come to Fort Irwin and kill you and everyone else in there at Fort Irwin"

- "You know I can fucking get there. I will come there with guns."

(Dkt. 1 at 3, 6-7.)

In addition to threatening to personally kill these individuals and their families, defendant also recruited or encouraged others to kill them and said, "Go kill them. All of them. It's fine. Don't worry about it. And if one of you wants to do it, go for it dude. Die a fucking hero." (Dkt. 1 at 6.)

B. **Defendant's Criminal History**

Defendant has a criminal history involving violence, including domestic violence. On April 26, 2021, defendant was convicted of assault by battery involving domestic violence. (Pretrial Services Report dated November 2, 2023 at 1-2.) On November 29, 2021, defendant was again convicted of assault by battery. (Id.)

C. **Detention Proceedings**

On November 20, 2023, the court held a detention hearing in this matter. Defendant requested that in lieu of detention, defendant be placed in the care of a facility through the Veteran's Administration. Pretrial services recommended detention because of concerns of risk of danger to the community and risk of

2

nonappearance. (Pretrial Services Report dated November 20, 2023 at 6-8.) Specifically, in concluding defendant was a danger to the community, pretrial services cited the seriousness of the instant allegations, defendant's prior criminal history involving violence, including domestic violence, defendant's history of substance abuse, and concerns over defendant's mental health. (Id. at 6.) In concluding that defendant posed a flight risk, pretrial services cited defendant's family ties outside of the United States (including his ex-wife and children), his lack of ties to the Central District of California, his unstable living situation, as well as the aforementioned concerns over substance abuse and mental health. Id. at 5.) The court ordered defendant detained for reasons similar to those stated in the PTSR. (Dkt. 15.)

**III. ARGUMENT**

The Court should deny defendant's Application for reconsideration of pretrial detention because defendant remains a danger to others and poses a risk of non-appearance, and neither concern is adequately mitigated by the alleged new facts.

**A. Legal Standard for Pretrial Detention and Reopening Hearing**

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened "if the judicial officer finds that information exists that

3

was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

### B. Defendant's claimed "changed circumstances" do not reduce the danger or risk of flight posed by defendant.

#### 1. Placement options through the Veteran's Administration is not a new fact and does not mitigate the risk of danger or flight.

During the detention hearing on November 20, 2024, counsel for defendant specifically requested that defendant be placed in a program through the VA. The government opposed this request and noted that such a program would neither reduce the danger defendant posed to society nor mitigate his risk of flight. The government further argued that placing defendant under the care of the VA, when defendant threatened to kill military personnel, was not a good solution. The Court agreed and ordered detention. No new facts or changed circumstances warrant reconsideration.

#### 2. New information regarding defendant's mental health cannot mitigate the risk of danger or flight.

It is unclear what defendant means by his claim that there is "new information regarding [defendant's] mental health." Regardless, no improvement in defendant's mental health can offset the danger he poses to society and the risk of flight. To the extent defendant intends to argue that his mental health has deteriorated such that he needs assistance outside of the assistance available to him through the Bureau of Prison, this does nothing to mitigate the concerns of danger and risk of flight. If anything, this change exacerbates the existing concerns.

## IV. CONCLUSION

Defendant remains as great a danger to the community and as serious a flight risk today as he did when he was ordered detained. Defendant has not offered any new facts or changes of circumstances that materially affect his danger or flight risk. As a result, there continue to be no condition or combination of conditions that will reasonably assure the safety of the community or defendant's appearance. The government respectfully requests that defendant's application for reconsideration of the order of detention be denied.