E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     Facsimile: (213) 894-6169
     Email:    matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>CHRISTIAN ERNEST BEYER,<br><br>             Defendant. | No. CR 5:23-cr-00226-SSS<br><br>JOINT STATEMENT RE: DEFENDANT CHRISTIAN ERNEST BEYER'S CHANGE OF PLEA |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matt Coe-Odess and defendant Christian Ernest Beyer, by and through his counsel of record, Mariah Holder, hereby submit this joint statement regarding defendant's Rule 11 plea.

                              GUILTY PLEA

     1.   Defendant is pleading guilty to the single-count indictment in United States v. Christian Ernest Beyer, CR No. 5:23-00226-SSS, which charges defendant with Threats by Interstate Communication in violation of 18 U.S.C. § 875(c).

1

<u>NATURE OF THE OFFENSE</u>

2       2.   For defendant to be guilty of the crime charged in count

3  one, that is, Threats by Interstate Communication, in violation of

4  Title 18, United States Code, Section 875(c), the following must be

5  true: (1) defendant knowingly transmitted in interstate commerce a

6  communication containing a threat to injure the person of another;

7  and (2) such communication was transmitted for the purpose of issuing

8  a threat, or with knowledge that the communication would be viewed as

9  a threat. The government need not prove that the defendant intended

10 to carry out the threat.

11

<u>PENALTIES</u>

12       3.   The statutory maximum sentence that the Court can impose

13 for a violation of Title 18, United States Code, Section 875(c), is:

14 5 years' imprisonment; a three-year period of supervised release; a

15 fine of $250,000 or twice the gross gain or gross loss resulting from

16 the offense, whichever is greatest; and a mandatory special

17 assessment of $100.

18       4.   Supervised release is a period of time following

19 imprisonment during which defendant will be subject to various

20 restrictions and requirements.  If defendant violates one or more of

21 the conditions of any supervised release imposed, defendant may be

22 returned to prison for all or part of the term of supervised release

23 authorized by statute for the offense that resulted in the term of

24 supervised release, which could result in defendant serving a total

25 term of imprisonment greater than the statutory maximum stated above.

26       5.   By pleading guilty, defendant may be giving up valuable

27 government benefits and valuable civic rights, such as the right to

28 vote, the right to possess a firearm, the right to hold office, and

2

the right to serve on a jury.  Defendant is pleading guilty to a
felony and that it is a federal crime for a convicted felon to
possess a firearm or ammunition.  The conviction in this case may
also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Unanticipated collateral consequences will not
serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

6.   If this case were to proceed to trial, the United States
would prove the following facts beyond a reasonable doubt:

On October 30, 2023, in San Bernardino County, within the
Central District of California, defendant knowingly transmitted in
interstate commerce an electronic communication that contained true
threats to injure other persons, namely, victims R.P., R.B., K.J.,
and N.J., and their respective family members.  Specifically,
defendant published a video on defendant's YouTube page on the
internet. The video is approximately 3 minutes long and contains
multiple true threats directed at R.P., R.B., K.J., and N.J., and
their respective families.  Defendant admits that the foregoing
communications were transmitted for the purpose of issuing threats
and with knowledge that the communications would be viewed as
threats.

SENTENCING FACTORS

7.   In determining defendant's sentence, the Court is required
to calculate the applicable Sentencing Guidelines range and to
consider that range, possible departures under the Sentencing
Guidelines, and the other sentencing factors set forth in 18 U.S.C. §

3

3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

8. Defendant and the United States Attorney's Office for the Central District of California have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific offense characteristics, adjustments, and departures under the Sentencing Guidelines or defendant's criminal history category.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a. The right to persist in a plea of not guilty.

      b. The right to a speedy and public trial by jury.

      c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e. The right to confront and cross-examine witnesses against defendant.

1         f.   The right to testify and to present evidence in

2  opposition to the charges, including the right to compel the

3  attendance of witnesses to testify.

4         g.   The right not to be compelled to testify, and, if

5  defendant chose not to testify or present evidence, to have that

6  choice not be used against defendant.

7         h.   Any and all rights to pursue any affirmative defenses,

8  Fourth Amendment or Fifth Amendment claims, and other pretrial

9  motions that have been filed or could be filed.

10

11  Dated: June 25, 2024         Respectfully submitted,

12                              E. MARTIN ESTRADA
                                United States Attorney
13

                              MACK E. JENKINS
14                              Assistant United States Attorney
                              Chief, Criminal Division
15

16                                  /s/
                            _____
17                              MATT COE-ODESS
                              Assistant United States Attorney
18

                              Attorneys for Plaintiff
19                              UNITED STATES OF AMERICA

20  Dated: June 25, 2024         /s/ (with authorization)
                              MARIAH HOLDER
21                              Attorney for Defendant
                              CHRISTIAN ERNEST BEYER
22

23

24

25

26

27

28